IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARCIA COLEMAN,

                              Petitioner,

v.                                                     OPINION and ORDER

LIZZIE TEGELS,[1]                                            22-cv-568-jdp

                              Respondent.

---

Petitioner Garcia Coleman seeks relief under 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Coleman is not entitled to relief. I may take judicial notice of records in Coleman's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). Because Coleman's petition is untimely and frivolous, I will deny it.

In Milwaukee County Case No. 1990CF902946A, Coleman was convicted of first-degree murder and sentenced to life imprisonment. Coleman did not directly appeal his judgment of conviction, which was entered in May of 1991. Coleman has not filed a prior § 2254 petition.

On April 1, 2011, the circuit court appointed Coleman's mother, Alline Coleman, as his guardian. Dkt. 1 at 3–4. Garcia Coleman had been found incompetent due to serious and persistent mental illness and degenerative brain disorder. Dkt. 1-1 at 3. With her appointment

---

[1] I substituted Tegels as respondent because she is the warden of New Lisbon Correctional Institution, where Coleman is incarcerated. *See* Rule 2(a), Rules Governing § 2254 Cases.

as guardian, certain powers were transferred to Alline Coleman, including the "power to make decisions related to mobility and travel." *Id.* at 4.

On May 24, 2019, Garcia Coleman filed a petition for writ of habeas corpus. *See id.* at 1. The circuit court denied it, reasoning: "There are no circumstances under which an order in a Guardianship case so completely supersedes a judgment of conviction such that the Guardian has the authority to inform the Department of Corrections ['DOC'] to release a ward from prison." *Id.*

Garcia Coleman appealed. Dkt. 1 at 1. On December 2, 2021, the state court of appeals affirmed. Dkt. 1-2. It reasoned: "The appointment of a guardian did not transfer powers of the Department to the guardian, but instead transferred to the guardian only those powers that are held by the ward." *Id.* The court added: "Those powers did not include physical custody of [Garcia Coleman], or the right to determine where he resides, because, due to his criminal conviction, [Garcia Coleman] no longer had those powers." *Id.* The state court of appeals also rejected the argument that the circuit court lacked jurisdiction to deny the habeas petition because the judge who denied it was not the same judge who granted the guardianship petition. *Id.* On April 13, 2022, the state supreme court denied Garcia Coleman's petition for review. Dkt. 1 at 4.

Garcia Coleman filed his § 2254 petition on October 4, 2022. *See* Dkt. 1-3. He later filed a brief in support. Dkt. 2. Garcia Coleman raises the same argument that he did in state court, namely, that the DOC "abdicated" its authority to imprison him when the circuit court appointed Alline Coleman as his guardian. Garcia Coleman characterizes this issue as "a question of statutory interpretation" under Wis. Stat. § 54.25, Dkt. 2 at 1, which involves

the duties and powers of a guardian. Garcia Coleman also contends, in conclusory fashion, that the state courts' decisions violated several provisions of the Fourteenth Amendment.

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant here, the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

Here, I will assume, without deciding, that the circuit court's order of April 1, 2011, appointing Alline Coleman as guardian was the date on which Garcia Coleman could have discovered, through the exercise of due diligence, the factual predicate of his claim. That would mean that the statute of limitations expired one year later on April 1, 2012. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002); *Wagner v. Dittman*, No. 12-CV-487-WMC, 2014 WL 505162, at *3 (W.D. Wis. Feb. 7, 2014). Garcia Coleman filed his federal petition over a decade later. So, absent tolling of the statute of limitations, the petition is untimely.

The time during which a properly filed state postconviction motion concerning the relevant claim is pending tolls the limitation period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). But Garcia Coleman did not file his state habeas corpus petition raising the claim that he raises here until May 24, 2019. Because the one-year period had expired on April 1, 2012, this petition and its subsequent litigation in the Wisconsin appellate system do not count toward tolling. *See De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009); *Tate v. Pierson*, 52 F. App'x 302, 303 (7th Cir. 2002).

Garcia Coleman could potentially overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Alternatively, he could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Garcia Coleman must show "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399. Garcia Coleman's claim does not suggest actual innocence.

The circuit court found Garcia Coleman incompetent due to serious and persistent mental illness and degenerative brain disorder, Dkt. 1 at 3–4, which could potentially support equitable tolling. But mental illness tolls the statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018) (emphasis in original). State judicial records indicate that Garcia Coleman was involved in pro se litigation throughout the past decade. *See* 2017AP001215; 2013AP000714; 2012AP000156; 2011AP002147. Similarly, he is proceeding pro se in this case. Although his claim is frivolous, his petition shows that he understood the state court proceedings and could articulate his argument. These facts undercut any inference that Garcia Coleman's mental illness prevented him from bringing his claim sooner. The record does not indicate that equal tolling applies.

Courts generally must give a petitioner notice and an opportunity to respond before sua sponte dismissing a § 2254 petition as untimely. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). But, because the petition is clearly untimely and, for reasons explained below, frivolous, I need not do so here.

The petition is frivolous. "Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, and is

4

unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (citation omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in [federal] terms." *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam); *see also Clincy v. Pollard*, No. 18-CV-1092-JPS, 2018 WL 3819049, at *5 (E.D. Wis. Aug. 10, 2018). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *accord Adeyanju v. Wiersma*, 12 F.4th 669, 675 (7th Cir. 2021).

Here, Garcia Coleman seeks relief for an issue of Wisconsin law. He contends that the DOC transferred custody of him to Alline Coleman when the circuit court appointed her as his guardian. Garcia Coleman essentially concedes that this claim arises under state law in alleging that the claim presents of question of statutory interpretation under Wis. Stat. § 54.25. The circuit court was aware of the state-law basis of this claim, *see* Dkt. 1-2 at 2, and rejected it. I cannot review its Wisconsin-law determinations in this § 2254 case.

Garcia Coleman's claim would fail even if I treated it as a federal claim. The state court of appeals determined that the Alline Coleman received only those powers that Garcia Coleman held, and that these powers did not include physical custody due to his criminal conviction, whose validity he has not meaningfully disputed. Garcia Coleman's conclusory allegations reflect mere disagreement with the court of appeals' reasoning. Such conclusory allegations do not meet § 2254's "heightened pleading requirements," *see McFarland v. Scott*, 512 U.S. 849, 856 (1994), and fail to suggest that the court of appeals' determinations were unreasonable, *see Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Garcia Coleman may also be arguing that his postconviction proceedings violated federal law because different judges appointed a guardian and ruled on his related habeas petition. But errors in a state's collateral review process usually cannot warrant federal habeas corpus relief. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Garcia Coleman's conclusory allegations do not suggest that his postconviction proceedings violated "some other, independent constitutional right." *See Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016). This argument would be frivolous, too.

No evidentiary hearing is warranted because Garcia Coleman's petition is plainly untimely and frivolous. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (district court need not hold evidentiary hearing when the record precludes habeas relief); *see also Dittmann,* 904 F.3d at 532 ("The district court need not hold an evidentiary hearing for vague or conclusory allegations.").

Because Garcia Coleman seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Garcia Coleman makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because he cannot show that, I deny a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner's habeas petition, Dkt. 1, is DENIED.

6

2. The clerk of court is directed to enter judgment accordingly and send petitioner a copy of this order.

Entered December 27, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge